UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>    Respondent. | Case No. 1:18-cv-00748-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY RESOPNDENT'S MOTION TO DISMISS WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 13 |

    Petitioner Lawrence Williams, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction of failing to register a residence as a sex offender. He raises two habeas claims: (1) the government had insufficient evidence that petitioner willfully failed to register his residence because he did not understand his duty to register his residence due to his illiteracy and mental condition; and (2) petitioner had ineffective assistance of counsel because his attorney failed to investigate and raise the issue of petitioner's illiteracy and mental condition.

    Respondent moves to dismiss the petition, arguing that the applicable statute of limitations has run. Petitioner opposes dismissal, alleging that his illiteracy and mental condition precluded him from filing a timely petition. Respondent does not dispute that petitioner is illiterate, that he has mental impairments, or that petitioner's illiteracy and mental impairments precluded him from filing a timely petition. For the reasons discussed below, we recommend that the court deny respondent's motion to dismiss.

## I. Background

In August 2014, petitioner was convicted in Fresno County of failing to register a residence in violation of California Penal Code § 290.011(b), which required a sex offender who moved to a new residence to register the new address within five days. *See* ECF No. 15-1 at 4. This conviction resulted in petitioner's third strike under California's three-strike law, and petitioner was sentenced to a term of twenty-five years to life in prison. *Id*.

### a. Mental impairment

Petitioner alleges in his petition that has "several medical and psychological problems." ECF No. 1 at 21. He declares under penalty of perjury that his mental conditions hinder his ability to comprehend what is written. ECF No. 1 at 21. A psychological evaluation form, attached to the petition, states that petitioner has "Schizophrenia, Paranoid type." ECF No. 1 at 50. A treatment note, also attached to the petition, indicates that petitioner has been diagnosed with schizophrenia, and the note is signed by two doctors. *See* ECF No. 1 at 45. The treatment note states that petitioner can sign his name, but he cannot read or write. *Id*. Another exhibit attached to the petition, a form entitled "Recommendation for Adaptive Support," states that petitioner "should be provided with staff assistance [and] shows deficits in reading, communication, and information processing." *Id*. at 41.

Petitioner also alleges that he is illiterate. The exhibits to the petition support this allegation. Although petitioner finished eighth grade after being raised in an orphanage, he has a low TABE Score of 1.9.[1] ECF No. 1 at 38, 45, 50. Petitioner states in his declaration that he is illiterate and needs help from other inmates to prepare court submissions. ECF No. 19 at 7.

### b. State habeas proceedings

After his conviction, petitioner's direct appeal ended on May 10, 2016, when the California Court of Appeal vacated a one-year sentence enhancement and affirmed all other respects of the

---

[1] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." *Nguyen v. Bartos*, No. 10-cv-1461, 2012 WL 3589797, at *2 n.1 (E.D. Cal. Aug. 20, 2012) (citations omitted).

2

judgment from the Fresno County Superior Court. ECF No. 15-2 at 2-4. Petitioner did not seek direct review from the California Supreme Court. Petitioner then filed six habeas petitions in state court between August 2016 and January 2018; the petitions were all denied. *See* ECF No. 15-3 through ECF No. 15-15. Petitioner filed the petition in this case on May 30, 2018. ECF No. 1. The parties agree that the statute of limitations period was tolled while the state-court habeas petitions were pending. Respondent calculates that, other than the periods when those petitions were pending, a total of 473 days have passed. *See* ECF No. 13 at 10. Petitioner does not dispute this calculation.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year time limit for filing a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The parties agree that, unless tolling applies, petitioner's one-year period had run when the instant petition was filed. The only question is whether petitioner's allegations of illiteracy and mental condition merit equitable tolling of the one-year deadline.

The AEDPA's one-year limitations period is subject to equitable tolling if a habeas petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010). A petitioner's mental impairment can be such an extraordinary circumstance. *See Orthel v. Yates*, 795 F.3d 935, 938-41 (9th Cir. 2015). When a petitioner relies on his mental impairment as a basis for equitable tolling, courts in the Ninth Circuit apply a two-part test from *Bills v. Clark*:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

3

628 F.3d 1092, 1099-100 (9th Cir. 2010) (citations and footnote omitted). The kinds of mental impairments recognized for this test include those that prevent "understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file." *Id.* at 1100. The totality-of-the-circumstances inquiry in the second step "considers whether the petitioner's impairment was a but-for cause of any delay." *Id.* Thus, a petitioner's mental impairment can justify equitable tolling if it "interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure." *Id.*

A district court faced with an allegation of mental impairment must also consider whether the record is sufficiently developed to apply the two-step test from *Bills*. The court may hold an evidentiary hearing if a petitioner makes "a good-faith allegation that would, if true, entitle him to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003); *accord Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). At the pleading stage, a petitioner need not "carry a burden of persuasion . . . in order to merit further investigation into the merits of his argument for tolling." *Laws*, 351 F.3d at 924. The petitioner need only show "circumstances consistent with petitioner's petition . . . under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling for further factual development to be required." *Id.* (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)).

On the other hand, a district court has no obligation to hold an evidentiary hearing if an "amply developed" record "indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). The court may also deny the respondent motion to dismiss, direct the respondent to file a more complete record of the petitioner's mental impairment, and allow the respondent to renew the motion to dismiss after the submission of the additional record. *See Orthel*, 795 F.3d at 938, 940. In addition, the court can direct the parties to brief the merits.[2]

---

[2] *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same."); *McCoy v. Soto*, No. 15-cv-1578, 2017 WL 2644837, at *3 (E.D. Cal. June 20, 2017) (denying motion to dismiss on statute of limitations and

4

Here, petitioner has put forth a good-faith allegation that would, if true, entitle him to equitable tolling. According to petitioner's submissions, he has schizophrenia. ECF No. 1 at 45. Physicians who have examined him have noted that petitioner is "disoriented to time, month, date, and year." *Id*. The same physicians also reported that petitioner suffered from cognitive difficulties, paranoia, and hallucinations. *Id*. Petitioner has also adduced his declaration, stating that he has begged other inmates for help and has done all he could to pursue his remedies in state court. *See* ECF No. 19 at 5-6. Petitioner declares, "It would have been impossible for me to move any faster, as I had to find someone willing to help me. At no point did I stop or delay my efforts to process my petitions." *Id*. at 5. Respondent has not filed a reply or disputed these facts. Petitioner's submissions do not conclusively show that he could not pursue state habeas petitions, but they suffice to show "circumstances consistent" with the petition and equitable tolling that warrant further factual development. *See Laws*, 351 F.3d at 924.

Rather than holding an evidentiary hearing at this time, we recommend that the court deny respondent's motion without prejudice. This approach will allow respondent to adduce evidence pertaining to petitioner's mental impairment; the court can assess whether an evidentiary hearing is necessary after reviewing documentary evidence from both sides, as the district court did in *Orthel*. *See* 795 F.3d at 938, 940. Denying respondent's motion without prejudice will also allow respondent to brief the merits rather than the equitable tolling issue—or to brief both the procedural issues and merits, as the respondent chooses. Accordingly, in the interest of efficiency, *see* Fed. R. Civ. P. 1, and considering a trial court's obligation to ensure that the record is adequately developed, *see Orthel*, 795 F.3d at 940, the court should deny respondent's motion without prejudice. If the court adopts these findings and recommendations, a new briefing schedule will issue. If appropriate, the court will consider appointment of counsel for petitioner.

### III. Findings and recommendations

We recommend that the court deny respondent's motion to dismiss, ECF No. 13, without

---

noting, "In the instant case, it appears that judicial economy will be better served by adjudicating Petitioner's claims on the merits.").

prejudice.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: January 23, 2019

UNITED STATES MAGISTRATE JUDGE