UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>JOE LIZARRAGA,<br><br>    Respondent. | Case No.   1:18-cv-00748-AWI-JDP<br><br>ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME<br><br>ECF No. 33<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>ECF No. 34 |

Petitioner Lawrence Williams, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On July 8, 2020, petitioner moved for a 60-day extension of time to file his traverse. ECF No. 33. For good cause shown, petitioner's motion is granted. His traverse is now due on September 8, 2020.

Additionally, petitioner moved for the appointment of counsel. ECF No. 34. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel

may be required if an evidentiary hearing is warranted. *See* Rules Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations is present here.

We are further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if we determine that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, we evaluate the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. Petitioner has been able to articulate his claims without the assistance of counsel thus far and he has not yet demonstrated a great likelihood of success on the merits at this stage. Accordingly, we find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

**Order**

Petitioner's motion for an extension of time is granted. ECF No. 33. Petitioner's motion for the appointment of counsel is denied. ECF No. 34.

IT IS SO ORDERED.

Dated:  August 10, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

2