1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | LAWRENCE WILLIAMS,

Case No.   1:18-cv-00748-AWI-JDP

12 |            Petitioner,

ORDER REGARDING APPOINTMENT OF COUNSEL AND REFERRING MATTER TO FEDERAL PUBLIC DEFENDER'S OFFICE

13 |    v.

14 | JOE LIZARRAGA,

ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS

15 |           Respondent.

16

17        Petitioner Lawrence Williams is a state prisoner proceeding with a petition for writ of

18 habeas corpus under 28 U.S.C. §2254.  The court has granted reconsideration of its order denying

19 appointment of counsel and now reevaluates whether to appoint counsel to petitioner.

20        There currently exists no absolute right to appointment of counsel in habeas proceedings.

21 *See, e.g.*, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d

22 479, 481 (9th Cir. 1958).  However, the Criminal Justice Act authorizes the appointment of

23 counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so

24 require."  18 U.S.C. § 3006A(a)(2)(B).  To determine whether to appoint counsel, the "court must

25 evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate

26 his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718

27 F.2d 952, 954 (9th Cir. 1983).

28

1

1   Petitioner is illiterate and suffers from schizophrenia.  He is also deficient in
2   communication and information processing.  Petitioner's mental impairments thus limit his ability
3   to articulate his claims without counsel.  Here, petitioner's case also presents somewhat complex
4   issues.  His petition has survived a motion to dismiss, but the court has left the door open for
5   further briefing on equitable tolling as well as review of the petition on the merits.  *See* ECF No.
6   20 at 5.  Thus, I find that the interests of justice would be served by the appointment of counsel
7   given the complexity of issues involved with respect to petitioner's competency.

8   Accordingly, it is hereby ordered that:

9       1.  The matter is referred to the Federal Public Defender's Office to find counsel for
10          petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).

11      2.  Within 30 days of the date of service of this order, a notice of appearance shall be filed
12          with the court by the attorney representing petitioner.

13      3.  The clerk of court is directed to send a copy of this order to petitioner, the Federal
14          Public Defender's Office, and respondent.

15      4.  The clerk of court is directed to send a copy of the petitioner's habeas corpus petition,
16          ECF No. 1, and respondent's answer, ECF No. 31, to the Federal Public Defender's
17          Office.

18
19  IT IS SO ORDERED.

20
    Dated:   November 6, 2020          _____
21                                     UNITED STATES MAGISTRATE JUDGE
22
23
24
25
26
27
28
                                    2