UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>      Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>      Respondent. | Case No. 1:18-cv-00748-AWI-HBK<br><br>ORDER DIRECTING PETITIONER TO EXPAND THE RECORD[1]<br><br>(Doc. No. 54)<br><br>THIRTY-DAY DEADLINE |

Pending before the Court is Petitioner Lawrence Williams ("Petitioner" or "Williams") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). For the reasons stated below, the undersigned finds that expansion of the record is necessary.

**I. BACKGROUND**

Petitioner initiated this action by filing the instant *pro se* writ of habeas corpus on May 26, 2018.[2] (Doc. No. 1). Respondent moved to dismiss the petition as untimely. (Doc. No. 13). The previously assigned magistrate judge recommended that the motion to dismiss be denied but

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Here, Petitioner certifies that he delivered the petition to correctional officials for mailing on May 26, 2018. (*See* Doc. No. 1 at 51).

1  allowed Respondent to renew the timeliness issue in his answer to the petition.  (Doc. No. 20).
2  The District Court adopted these findings and recommendations in full.  (Doc. No. 21).
3  Respondent renewed his timeliness arguments in his answer to the petition, which also addressed
4  the merits of the petition.  (Doc. No. 31 at 16-30).  On November 13, 2020, the former assigned
5  magistrate judge appointed Petitioner counsel.  (Doc. No. 40).  After being granted extensions of
6  time, Petitioner moved to file a limited reply to Respondent's answer, addressing the timeliness
7  argument only.  (Doc. Nos. 43, 47, 49, 51, 52).  The Court granted Petitioner's motion (Doc. No.
8  53) and Petitioner filed a reply limited to timeliness.  (Doc. No. 54).  Accordingly, before the
9  Court are Respondent's arguments related to timeliness (Doc. No. 31 at 16-30) and Petitioner's
10 limited reply.  (Doc. No. 54).

11   On August 7, 2014, Petitioner was convicted in Fresno County in case no. F11906697 of
12 failing to register a residence in violation of California Penal Code § 290.011(b), which requires a
13 sex offender who moves to a new residence to register that address within five days.  (Doc. No. 1
14 at 1; Doc. No. 15-1 at 4).  This conviction resulted in Petitioner's third strike under California's
15 three-strike law, and Petitioner was sentenced to a term of thirty-years-to-life in prison.  (Doc.
16 No. 1 at 1; Doc. No. 15-1 at 4).  On May 10, 2016, the state appellate court struck Petitioner's
17 one-year sentencing enhancement but affirmed the judgment otherwise.  (Doc. No. 15-2 at 3-4).

18  Petitioner raises two claims for relief: (1) there was insufficient evidence that Petitioner
19 willfully failed to register his residence because he did not understand his duty to register his
20 residence due to his illiteracy and mental condition; and (2) Petitioner had ineffective assistance
21 of counsel because his attorney failed to investigate and raise the issue of Petitioner's illiteracy
22 and mental condition.  (Doc. No. 1 at 16-19).

## II.  APPLICABLE LAW

### A.  Standard of Review

25  Under Rule 4, if a petition is not dismissed at screening, the judge "must order the
26 respondent to file an answer, motion, or other response" to the petition.  *See* R. Governing 2254
27 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize
28 the respondent to make a motion to dismiss based upon information furnished by respondent."  In

*White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989), the Ninth Circuit held that a motion to dismiss based on procedural default is proper in habeas proceedings. Since that time, the Ninth Circuit has affirmed cases where habeas petitions were dismissed on a respondent's motion to dismiss for untimeliness. *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) (affirming district court's grant of respondent's motion to dismiss petition as untimely because petitioner "did not establish an exceptional circumstance that would warrant equitable tolling"); *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (same); *Velasquez v. Kirkland*, 639 F.3d 964, 966 (9th Cir. 2011). In doing so, the Ninth Circuit has explicitly relied on information supplied outside the pleadings and its attachments, such as, medical records. *Orthel*, 795 F.3d at 940. The undersigned finds because the statute of limitations is a procedural bar, the Court may consider the documents submitted by Petitioner and Respondent for purposes of determining whether Petitioner is entitled to equitable tolling. *Id*.

**B.  AEDPA's Statute of Limitations**

Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Williams does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Williams' conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Jimenez*

3

1  *v. Quarterman*, 555 U.S. 113, 120 (2009).

2      Williams was sentenced for his crime of conviction on June 2, 2014. (Doc. No. 1 at 2). Williams directly appealed his conviction. (*Id.*). On May 10, 2016, the California Court of Appeal struck certain of Williams' sentence enhancements but otherwise affirmed his conviction. (Doc. No. 15-2). Williams did not seek review before the California Supreme Court. (*Id.* at 2). Accordingly, Williams' conviction became final on the expiration of the time for seeking review in the California Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" on the date that the time for seeking such review expires."); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (Where petitioner "did not petition the California Supreme Court for review," "his conviction became final forty days later."). In California, an appellate court determination is final thirty days after the order is issued. Cal. Rules of Court, rule 8.366(b)(1) ("[A] Court of Appeal decision in a proceeding under this chapter . . . is final in that court 30 days after filing."). Here, the appellate court determination became final on June 9, 2016. The time for seeking discretionary review before the state supreme court expired ten days after that, on June 19, 2016. Cal. Rules of Court, rule 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court. For purposes of this rule, the date of finality is not extended if it falls on a day on which the office of the clerk/executive officer is closed."). Accordingly, AEDPA's one-year statute of limitations began running the next day, July 20, 2016. Therefore, Williams had until July 20, 2017 to file his federal habeas petition, absent statutory or equitable tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period).

    Williams filed the following six post-conviction collateral motions in the state courts:

    1. Fresno County Superior Court habeas petition filed August 25, 2016,[3] denied September 27, 2016. (Doc. Nos. 15-3, 15-4).

---

[3] The Court cannot give Petitioner the benefit of the prison mailbox rule for this petition because it is undated and does not contain a certificate of service. Accordingly, the Court designates the date the superior court docketed the petition as the date of filing. (Doc. No. 15-3 at 1).

    2. California Court of Appeal habeas petition filed November 15, 2016, denied December 6, 2016.[4]  (Doc. Nos. 15-5, 15-6).

    3. California Court of Appeal habeas petition filed January 3, 2017, denied February 2, 2017.  (Doc. Nos. 15-8, 15-9).

    4. Fresno Superior Court habeas petition filed February 19, 2017, denied April 12, 2017.  (Doc. Nos. 15-10, 15-11).

    5. California Court of Appeal habeas petition filed December 14, 2017, denied December 28, 2017.  (Doc. Nos. 15-12, 15-13).

    6. California Supreme Court habeas petition filed January 12, 2018, denied April 11, 2018.  (Doc. Nos. 15-14, 15-15).

Petitioner filed his federal habeas petition on May 26, 2018.  (Doc. No. 1 at 51).

### III.  ANALYSIS

**A.  Statutory Tolling**

    **1.  Applicable Law**

The federal statute of limitations tolls for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application for post-conviction or other collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process.'"  *Carey v. Saffold*, 536 U.S. 214, 219 (2002) (citations omitted).  "California's collateral review system differs from that of other States in that it does not require, technically speaking, appellate review of a lower court determination."  *Id*. at 221.  Instead, petitioners are required to file an original habeas petition and a subsequent appeal in each level of court (superior, appellate, and supreme) within a

---

[4] The Court notes that Petitioner filed a "motion for rehearing of denial of habeas corpus order dated 12-6-16" on December 15, 2016.  (Doc. No. 15-7).  Because this was a motion for reconsideration and not a new habeas petition, the Court does not find that Petitioner is entitled to tolling for this period.  *See* 28 U.S.C. § 2244(d)(2) (A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court.).  Alternatively, the motion was not "properly filed" for tolling purposes because the appellate court rejected the motion explaining in a letter addressed to Petitioner that it no longer had jurisdiction to consider Petitioner's motion.  (Doc. No. 15-5 at 2).

5

"reasonable" period. *Id.* at 221-22; *Robinson v. Lewis,* 9 Cal.5th 883, 897 (2020) ("There are no specific time limits for either filing the first [habeas] petition or filing subsequent petitions in a higher court. Instead, California courts employ a *reasonable*ness standard. The claim must generally be presented without substantial delay."). A petition is considered no longer "pending," and the petitioner is barred from AEDPA statutory tolling if an unreasonable amount of time elapsed between the filing of state court habeas petitions. *Saffold*, 536 U.S. at 221.

To determine whether a habeas claim was filed within a reasonable amount of time, California courts consider three factors. *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *Robinson,* 9 Cal.5th at 897. First, "a claim must be presented without *substantial delay.*" *Robinson,* 9 Cal.5th at 897 (emphasis in original). "'Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim.'" *Id*. (quoting *Robbins*, 18 Cal. 4th at 780. Second, if a petition was filed with substantial delay, a petition may yet be considered on the merits if the "petitioner can demonstrate *good cause* for the delay." *Id*. (emphasis in original). Third, a petition filed without good cause for substantial delay will be considered if it falls under one of four narrow exceptions. *Id*. Only three of the four exceptions are relevant to noncapital cases: (1) the "'error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner;'"(2) "'the petitioner is actually innocent of the crime or crimes of which he or she was convicted;'" and (3) "'the petitioner was convicted or sentenced under an invalid statute.'" *In re Reno*, 55 Cal. 4th 428, 460 (Cal. 2012) (quoting *Robbins*, 18 Cal. 4th at 780). The California Supreme Court has opined that a six-month gap delay would normally be "unduly generous," but adopted "a time period of 120 days as the safe harbor for gap delay" for the filing of habeas petitions between state court levels. *Robinson*, 9 Cal. 5th at 901. "A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." *Id*.

For petitions filed in a "reasonable time," a petitioner may count as "pending" the "days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans*, 546 U.S. at 193. This Court "must itself examine the

delay in each case and determine what the state courts would have held in respect to timeliness." *Id*. at 198.

### 2. Despite Statutory Tolling the Petition is Untimely

#### a. Period between finality and first state habeas petition

"AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, in the instant case, AEDPA's statute of limitations began running on June 20, 2016, when Williams' conviction became final and continued to run until Williams filed his first state habeas petition on August 25, 2016. It appears Williams assumes he is entitled to statutory tolling for this period, but as held in *Nino*, he is mistaken. (Doc. No. 54 at 8-9). Accordingly, 66 days elapsed on the AEDPA clock between the finality of direct review and the time Williams filed his first habeas petition.

#### b. Period between first state habeas petition until denial of second state habeas petition

Respondent assumes, without conceding, that Williams' first and second habeas petitions were "properly filed," and therefore tolled the statute of limitations. (Doc. No. 31 at 20-21). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (A state habeas petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Pace v. DiGuglielmo*, 544 U.S. 308, 410 (2005). If the gap delay between the denial of Williams' first petition and the filing of his second petition was reasonable, Williams is entitled to tolling. *Carey*, 536 U.S. 221-22. Here, Williams sought habeas relief in the state superior court on August 25, 2016. That petition was denied on September 27, 2016. Williams then sought habeas relief in the next level of state court, the appellate court, 49 days later, on November 15, 2016. The state appellate habeas petition was denied December 6, 2016.

The Court now must determine whether the state court would find the 49-day delay reasonable. *Evans*, 546 U.S. at 193. Turning to the three *Robbins* factors, the Court must first ask whether the petition was presented without "substantial delay." *Robinson,* 9 Cal.5th at 897.

7

Because the second petition was filed within California's 120-day safe harbor, the Court finds the filing gap between the two petitions reasonable. *See Robinson*, 9 Cal. 5th at 901. Accordingly, the Court need not address the remaining two *Robbins* factors. Because the gap delay was reasonable, the limitations period was tolled from the date of filing of the first petition on August 25, 2016, until the denial of the second petition on December 6, 2017. (Doc. No. 15-10). Accordingly, the limitations period was tolled for 103 days, extending Petitioner's federal filing deadline from June 20, 2017 to October 2, 2017.[5]

### c. Period between denial of second state habeas petition and filing of third state habeas petition

On December 6, 2016, the state appellate court denied petitioner habeas relief. On January 3, 2017, Williams sought habeas relief for a second time in the state appellate court, which was his third state habeas petition. Petitioner suggests he is entitled to equitable tolling for this period. (Doc. No. 54 at 10-11). Petitioner is mistaken. No statutory tolling applies to periods between petitions that do not seek relief in a progression from the state superior court to the appellate court to the supreme court. *Nino*, 183 F.3d 1003, 1006-07 (The limitations period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of the petition at the next state appellate level."); *Delhomme v. Ramirez*, 340 F.3d 817, 821 n.3 (9th Cir. 2003) ("[T]he crucial issue for tolling purposes is whether the petitioner has timely proceeded to the next appellate level, since the one year filing period is tolled to allow the opportunity to complete one full round of review."). Although there is an exception for petitions that raise new claims in the same level of court, *Stancle v. Clay*, 692 F.3d 948, 955-56 (9th Cir. 2012), Petitioner raised the same claims in both state appellate petitions. (*See* Doc. No. 54 at 10) ("[Petitioner] once again asserted there was insufficient evidence to support his conviction, ([Doc] No. 15-8 at 9-10), his trial counsel was ineffective for failing to investigate and present evidence that he did not actually know or understand that he had a duty to register, and his

---

[5] At this point, 103 days after June 20, 2017 was October 1, 2017—a Sunday. Accordingly, the statute of limitations was tolled until the next business day—Monday, October 2, 2017. Fed. R. Civ. Pro. 6(a)(1)(C).

8

appellate counsel was ineffective for failing to raise this issue, (*id.* at 10-11)"). Here, Petitioner twice sought habeas relief raising the same claims in the state court of appeal. Accordingly, the 28-days that elapsed between the denial of the second habeas petition on December 6, 2016 and the filing of the third petition on January 3, 2017 is not tolled. Therefore, at this point 94 days of the statute of limitations had elapsed.

### d. Tolling for third state habeas petition

Respondent assumes, without conceding, that Williams' third state habeas petition, which was lodged before the state appellate court, was properly filed and therefore tolled the statute of limitations. Williams filed his third petition on January 3, 2017 and it was denied 30 days later, on February 2, 2017. Accordingly, Williams is entitled to 30-days' statutory tolling for the pendency of his third state habeas petition. Therefore, the statute of limitations was extended from October 2, 2017 until November 1, 2017.

### e. Period between denial of third and filing of fourth state habeas petitions

Williams' third petition was denied by the state appellate court on February 2, 2017. Williams lodged his fourth state habeas petition in the state superior court on February 19, 2017. Notably, Williams went "down the ladder" from the state appellate court to the state superior court. Because he did not proceed to the next level of review, Williams receives no statutory tolling for the gap interval between his third and fourth petitions. *Nino*, 183 F.3d 1003, 1006-07; *Delhomme*, 340 F.3d at 821 n.3; *Jackson v. Hense,* No. 1:07-CV-01066, 2007 U.S. Dist. LEXIS 93226, at *1-4 (E.D. Cal. 2007) (finding that the petitioner was entitled to statutory tolling when the petitioner's subsequent petition properly ascended to the next state appellate level but denying tolling when the petitioner was "moving down the ladder"). Therefore, an additional 17 days elapsed on the limitations period, from February 2, 2017 until February 19, 2017. At this point, 111 days of the limitations period elapsed untolled.

### f. Tolling for the pendency of the fourth state habeas petition

Respondent assumes, without conceding, that Williams' fourth state habeas petition, before the state superior court, was properly filed. *See Pace v. DiGuglielmo*, 544 U.S. at 414. The petition, filed February 19, 2017, was denied on April 12, 2017. Therefore, Williams

receives tolling for the 52 days during which the fourth state habeas petition was pending.  At this point, the statute of limitations was extended from November 1, 2017 until December 26, 2017.[6]

### g. Period between the denial of the fourth and filing of the fifth state habeas petitions

Williams' fourth state habeas petition was denied on April 12, 2017.  Williams did not seek habeas relief via his fifth state habeas petition in the state appellate court until December 14, 2017.  The Court must determine whether this 246-day gap was a reasonable delay under California state law.  *Evans v. Chavis*, 546 U.S. 189, 193 (2006).  Turning to the three *Robbins* factors, the Court first asks whether the petition was presented without "substantial delay." *Robinson,* 9 Cal.5th at 897.  The filing of the fourth petition well exceeds California's 120-day safe harbor period.  Indeed, it is more than double the safe harbor period.  The Court finds the filing gap between the two petitions unreasonable.  *See id*. at 901.  When a petition is filed with substantial delay, a petition may yet be considered on the merits in California if the "petitioner can demonstrate *good cause* for the delay." *Id*. (emphasis in original).  Williams states no reasons for this 246-day delay in seeking habeas relief.  (Doc. No. 54 at 13-15) (Petitioner explains his claims in this petition at length but provides no argument as to why he waited so long to file his fifth state habeas petition.).  A petition filed without good cause for substantial delay will be only be considered if it falls under one of four narrow exceptions.  *Id*.  Only three of the four exceptions are relevant to noncapital cases: (1) the "'error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner;'" (2) "'the petitioner is actually innocent of the crime or crimes of which he or she was convicted;'" and (3) "'the petitioner was convicted or sentenced under an invalid statute.'" *In re Reno*, 55 Cal. 4th 428, 460 (Cal. 2012) (quoting *Robbins*, 18 Cal. 4th at 780).  Williams does not argue that any of these extraordinary circumstances are present here.  (Doc. No. 54 at 13-15).  Accordingly, Williams gains no statutory tolling for this 246 day period

---

[6] At this point, 52 days after November 1, 2017 was December 23, 2017—a Saturday.  Accordingly, the statute of limitations was tolled until the next business day—Tuesday, December 26, 2017.  Fed. R. Civ. P. 6(a)(1)(C).

between the denial of the fourth and filing of the fifth state habeas petitions. At this point, 357 days of the AEDPA limitations period had passed.

### h. Tolling for pendency of fifth state habeas petition

Williams filed his fifth state habeas petition on December 14, 2017 in the state appellate court. This petition was denied on December 28, 2017. Because Williams progressed "up the ladder" from the state superior court to the state appellate court, he is entitled to statutory tolling for the pendency of this petition. Accordingly, the statute of limitations was tolled for 14 days, extending the filing deadline from December 26, 2017 until January 2, 2018.[7]

### i. Period between the denial of fifth and filing of sixth state habeas petitions

After Petitioner's fifth state habeas petition filed in the state appellate court was denied on December 28, 2017, he filed his six and final state habeas petition in the state supreme court on January 12, 2018. Accordingly, there was a 15-day gap between the denial of the fifth state habeas petition and the filing of the sixth state habeas petition. The Court finds this 15-day gap reasonable and affords Petitioner statutory tolling from the denial of his fifth petition on December 28, 2017 until the filing of his sixth petition on January 12, 2018. This 15 day tolling extended the limitations period from January 2, 2018 until January 17, 2018.

### j. Tolling for pendency of sixth state habeas petition

Petitioner's sixth state habeas petition was filed in the state supreme court on January 12, 2018 and was denied on April 11, 2018. Because Williams proceeded "up the ladder" from the state appellate court to the state supreme court, he is entitled to statutory tolling for the pendency of this petition. Accordingly, Petitioner gains 89 days of statutory tolling, from January 12, 2018 until April 11, 2018, further extending the limitations period to April 16, 2018.

### k. Period between denial of sixth state habeas petition and filing of federal petition; end of limitations period

Williams' sixth state habeas petition was denied on April 11, 2018 and he filed his federal

---

[7] At this point, 14 days after December 26, 2017 was December 30, 2017—a Saturday. Accordingly, the statute of limitations was tolled until the next business day—Tuesday, December 26, 2017. Fed. R. Civ. P. 6(a)(1)(C).

11

petition on May 26, 2018. The statute of limitations is not tolled for the period between the completion of state review and the filing of a federal habeas petition. *Mayle v. Felix*, 545 U.S. 644, 644 (2005); *Nino*, 183 F.3d at 1007. Consequently, Williams is not entitled to any tolling during this time. Thus, the statute of limitations expired on April 16, 2018 resulting in the federal petition being filed 40 days late. Because the federal petition is statutorily time-barred, Petitioner must demonstrate an entitlement to equitable tolling for this action to proceed.

### B. Equitable Tolling

#### 1. Applicable Law

AEDPA's statutory limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649. To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control"—a high threshold. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016). "The requirement that extraordinary circumstances 'stood in [a petitioner's] way' suggests that an *external* force must cause the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (emphasis added). Furthermore, a petitioner must show that the extraordinary circumstances *caused* the untimely filing of his habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (explaining that equitable tolling is available only when the extraordinary circumstances were the cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Davis*, 953 F.3d 5 at 598-99. In other words, "when [a petitioner] is free from the extraordinary circumstance, he must also be diligent in actively

pursuing his rights." *Id*. at 599. The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence. *Holland v. Florida*, 560 U.S. at 653. And the court is not to impose a rigid impossibility standard on petitioners, especially *pro se* prisoner litigants "who have already faced an unusual obstacle beyond their control during the AEDPA litigation period." *Fue v. Biter*, 842 F.3d 650, 657 (2016) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013)). However, "in every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Davis*, 953 F.3d at 601. Because Petitioner must show diligence before, during, and after extraordinary circumstances prevented him from filing, the relevant time for the court's analysis is July 20, 2016, the day the statute of limitations began to run, to May 26, 2018, the day petitioner filed his federal petition. *See Davis*, 953 F.3d at 598-99. Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 2929 F. 3d 1062, 1066 (9th Cir. 2002) (citations omitted).

### 2. Evidentiary Hearings on Equitable Tolling

Petitioner requests an evidentiary hearing on equitable tolling. (Doc. No. 54 at 35). Petitioner bears the burden of establishing he is entitled to equitable tolling of the AEDPA limitations period. *See Espinoza-Matthews*, 432 F.3d at 1026. A determination whether there was an "impediment" to filing under § 2244(d)(1)(B) which would entitle a petitioner to equitable tolling is "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). In making an equitable tolling determination, "the district court is in a better position to develop the facts and assess their legal significance in the first instance." *Id*. For further factual development to be required, there only must be "circumstances consistent with petitioner's petition . . . under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *Whalem/Hunt*, 233 F.3d at 1148).

Here, Petitioner claims that his mental impairments prevented him from timely filing his federal habeas petition. (Doc. No. 54 at 35). In *Calderon v. United States*, the Ninth Circuit

1  acknowledged that a "habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control" which might justify equitable tolling. 163 F.3d 530, 541 (9th Cir. 1998), reversed on other grounds by *Woodford v. Garceau*, 538 U.S. 202, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003). This requires the petitioner to demonstrate "a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010). "A petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure." *Id*. at 1093. "The petitioner therefore always remains accountable for diligence in pursuing his or her rights." *Id*. at 1100.

While Petitioner provides argument in support of his request for equitable tolling, he provides no evidentiary support. Although Petitioner submitted limited medical records along with his petition, the sparseness of these records does not permit the Court to make an equitable tolling determination. (*See generally* Doc. No. 1 at 37-50). Noe does Respondent present any evidence, such as medical records, to support its opposition to Petitioner's request for equitable tolling. Recognizing it is the Petitioner's burden to demonstrate an entitlement to equitable tolling, the Court will order an expansion of the record by directing Petitioner to file documentary evidence in support of his request, including, but not limited to, his pertinent medical records. *See* R. Governing Section 2254 Cases, Rule 7.

Accordingly, it is **ORDERED**:

Within **thirty (30) days** of the date of this order, Petitioner shall provide argument and evidentiary support for his request for equitable tolling. Thereafter, Respondent shall have fourteen (14) days in which to file a response with additional supporting evidence, if appropriate. After expiration of this time, the Court will determine whether an evidentiary hearing is warranted or whether the Court can rule on this matter on the record.

Dated: __August 24, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE