UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JOE LIZARRAGA,<br><br>　　　　　　Respondent. | Case No.  1:18-cv-00748-AWI-HBK<br><br>ORDER VACATING AUGUST 25, 2021 ORDER<br><br>(Doc. No. 55) |

　　　　Petitioner initiated this action by filing a *pro se* writ of habeas corpus on May 26, 2018. (Doc. No. 1).  Respondent moved to dismiss the petition as untimely.  (Doc. No. 13).  Petitioner appeared to concede his petition was filed beyond AEDPA's statute of limitations.  (Doc. No. 19 at 1-3, Doc. No. 20 at 3).  The previously assigned magistrate judge recommended that the motion to dismiss be denied but allowed Respondent to renew the timeliness issue in his answer to the petition.  (Doc. No. 20).  The District Court adopted these findings and recommendations in full.  (Doc. No. 21).  Respondent renewed his timeliness arguments in his answer to the petition, which also addressed the merits of the petition.  (Doc. No. 31 at 16-30).  On November 13, 2020, the former assigned magistrate judge appointed Petitioner counsel.  (Doc. No. 40).  After being granted extensions of time, Petitioner moved to file a limited reply to Respondent's answer, addressing the timeliness argument only.  (Doc. Nos. 43, 47, 49, 51, 52).  The Court granted Petitioner's motion (Doc. No. 53) and Petitioner filed a reply limited to timeliness.  (Doc. No.

54).

On August 25, 2021, the undersigned issued an order finding that despite Petitioner being entitled to some statutory tolling, the petition was time-barred under AEDPA's statute of limitations and directed Petitioner to expand the record and make arguments to demonstrate that he should be entitled to equitable tolling. (Doc. No. 55 at 12-15). On September 7, 2021, Petitioner filed objections to this Court's August 25, 2021 Order. (Doc. No. 56). In his objections, Petitioner argues that the undersigned did not have the authority as a magistrate judge to issue an order finding that the petition is statutorily time-barred. (*Id*. at 8). Petitioner's objection is well taken. Accordingly, the Court will vacate its August 25, 2021 order. (Doc. No. 55).

The Court will consider Petitioner's timeliness arguments contained in his reply (Doc. No. 54) and objections (Doc. No. 56) and, if appropriate, will issue findings and recommendations addressing the timeliness issue in due course. In the event the Court finds the petition statutorily time-barred, Petitioner will have the opportunity to object to the findings and recommendations and, if appropriate, address equitable tolling at that time.

Accordingly, it is ORDERED:

This Court's August 25, 2021 order (Doc. No. 56) is VACATED.

Dated:   September 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE