UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>        Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>        Respondent. | CASE NO.   1:18-cv-00748-AWI-HBK (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>(Doc. Nos. 1, 63) |

      Petitioner Lawrence Williams is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. On November 3, 2022, the magistrate judge assigned to the case issued findings and recommendations to deny the petition. Doc. No. 63. These findings and recommendations were served on all parties and contained notice that any objections were to be filed within fourteen days from the date of service of that order. On March 23, 2023, after three extensions of time, Petitioner filed objections to the findings and recommendations that largely restate the arguments made in his petition and his traverse. See Doc. No. 70.

      As to his first claim, insufficient evidence of actual knowledge, Petitioner reargues that "no evidence (none whatsoever) was presented to establish that Williams actually knew he was required to register a residence in addition to registering as a transient." Doc. No. 70 at 17. The

1

1   assigned magistrate judge considered this argument and outlined evidence adduced at trial
2   including a detailed description of measures taken by Fresno detectives to ensure registrant's
3   actual understanding of the registration requirements regardless of cognitive ability, including
4   asking them directly if they comprehend the requirements in one-on-one counseling before the
5   registrant initials, signs, and places their thumbprint on the registration paperwork; and
6   submission of Petitioner's own signature and initial indicating that he read and understood the
7   registration requirements, including that he had 5 working days to register after moving into a
8   residence.  Doc. No. 63 at 12-13.  The findings and recommendations further determined that a
9   jury may infer from proof of notice that the defendant did have actual knowledge.  Id. (citing
10  White v. Dexter, 2009 WL 1424373, at *12 (E.D. Cal. May 20, 2009).  Thus, the assigned
11  magistrate judge properly concluded Petitioner was not entitled to relief on his insufficient
12  evidence claim because a rational trier of fact could have found beyond a reasonable doubt that
13  Petitioner had actual knowledge of his duty to register as a sex offender within 5 days of moving
14  into a residence.

15       As to his second claim, ineffective assistance of counsel, Petitioner objects to the assigned
16  magistrate judge's finding that Petitioner did not carry his burden of proving deficient
17  performance or prejudice.  Doc. No. 70 at 18-25.  In support, Petitioner relies on the same
18  arguments presented in his petition and his traverse – that counsel was ineffective for failing to
19  investigate a mental capacity defense.  Id.  The assigned magistrate judge considered these
20  arguments in light of the entire record, including medical records included in the state court
21  record, and properly concluded that there was no evidence counsel did not investigate evidence of
22  Petitioner's mental capacity and decide not to present that evidence for strategic reasons, nor was
23  there a reasonable probability the jury would have found Petitioner did not have actual knowledge
24  of the registration requirement based on this theory.  Doc. No. 63 at 17-18.

25       Finally, Petitioner objects to the finding that an evidentiary hearing is not warranted, and
26  generally argues again that an evidentiary hearing is appropriate because the allegations in the
27  petition establish a colorable claim for relief.  Doc. No. 70 at 25-28.  The assigned magistrate
28  judge reviewed Petitioner's claims *de novo* and found the facts Petitioner alleges on federal

habeas review, even if true, would not entitle him to habeas relief.  Doc. No. 63 at 21.  Petitioner has not made a showing or provided a basis upon which the pending findings and recommendations should be rejected as to this finding.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
>> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>>
>>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>>
>>> (B) the final order in a proceeding under section 2255.
>>
>> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>>
>> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

3

appealability when a petitioner makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, Petitioner generally argues "the Court should grant a [certificate of appealability] on at least one claim," without identifying any particular claim, because "the issues here are debatable and should be certified." Doc. No. 70 at 29. The Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court will decline to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. No. 63) issued on November 3, 2022, are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED;
3. The Clerk of Court shall ENTER judgment and CLOSE the file; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   April 7, 2023                                                                
                                    SENIOR DISTRICT JUDGE

4